UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00412-DOC-JDE                           Date: June 5, 2025

Title: David D'Amico v. N and D Restaurants, LLC et al.

PRESENT:            THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER DENYING PLAINTIFF'S MOTION TO REMAND [16]**

Before the Court is Plaintiff's David D'Amico ("Plaintiff") Motion to Remand Case to Orange County Superior Court ("Motion") (Dkt. 16). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court **DENIES** Plaintiff's Motion.

**I.    Facts**

The following facts are taken from Plaintiff's Second Amended Complaint ("SAC") (Dkt. 1-20, Exhibit A1). Plaintiff alleges that on or about December 20, 2020, he was struck by a hanging extension cord or similar object while lawfully walking within Defendants' premises in Buena Park, California. *Id.* ¶ 8. Plaintiff alleges the object that hit him was unmarked and unsecured. *Id.* As a result, Plaintiff claims that he suffered severe physical injuries and emotional pain and suffering that are permanent in nature. *Id.* ¶ 11.

Plaintiff alleges that each of the Defendants knew or, in the exercise of reasonable care, should have known Defendants' building premises were in a dangerous condition. *Id.* ¶ 9. Plaintiff alleges that Defendants were negligent, careless, and reckless in failing to properly maintain the premises and secure the object that struck the Plaintiff. *Id.*

Plaintiff further claims Defendants' negligent and careless maintenance or control of the premises constituted a conscious disregard for the risk of harm to invitees at the premises. *Id.* ¶ 15. Plaintiff claims Defendants failed to warn Plaintiff of the dangerous condition at the premises despite Defendants' knowledge. *Id.* ¶ 16.

In sum, Plaintiff alleges two causes of action against Defendants. SAC at 2. Specifically, Plaintiff brings claims for 1) negligence and 2) premises liability. *See generally* SAC.

## II. Procedural Background

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on December 15, 2022. *See* Notice of Removal ("Not.") at 5. After Plaintiff filed their First Amended Complaint ("FAC") in the Orange County Superior Court on August 28, 2023, Defendants filed a Notice of Removal on December 21, 2023. *Id* at 7-8. The Court denied this Notice of Removal and remanded the case back to the Superior Court of Orange, California. On December 21, 2023, Defendant again moved for removal. *Id.* The Court granted Plaintiff leave to amend their Complaint on February 2, 2024, where Plaintiff named an additional Defendant from California, Piluntana Maneerod, thus destroying diversity. *Id.* The state court proceeded to grant Piluntana Maneerod's Motion for Summary Judgement. *Id.* at 6. Following this ruling, Defendants filed a third Notice of Removal on March 4, 2025, on the basis of diversity jurisdiction. *Id.* at 6.

## III. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00412-DOC-KES                                                                 Date: June 5, 2025
                                                                                                                              Page 3

from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

      Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

      A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

      While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00412-DOC-KES   Date: June 5, 2025
Page 4

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

The time limits for removal specified in 28 U.S.C. § 1446(b) are procedural rather than jurisdictional. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) ("The statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional."); *see also Smith v. Mylan Inc.*, 761 F. 3d 1042, 1044 (9th Cir. 2014)(holding that the one-year time limitation formerly located in § 1446(b)4 is like the thirty-day time limit in that both are procedural, non-jurisdictional requirements). Therefore, even if Defendants fail to satisfy the time requirements of § 1446(b), the Court may not remand on that basis unless Plaintiff files a timely motion to remand. *Smith*, 761 F.3d at 1045 ("Because procedural defects are waivable, a district court lacks authority to remand based on the defendant's violation of § 1446(b)'s ... time limitation absent a timely filed motion to remand."); *see generally Corona-Contreras v. Gruel*, 857 F. 3d 1025 (9th Cir. 2017).

### IV.  Discussion

#### A.  Timeliness

Plaintiff argues that Defendants' Motion for Removal is untimely because Defendant removed this action on the basis of diversity jurisdiction more than a year after it was first filed in California state court. *See* Motion at 8.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" 28 U.S.C. § 1446(b)(1). But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "If the case is not removable based on the initial pleading, the removal clock [under § 1446(b)(3)] does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021). This exception to the typical thirty-day removal clock is limited further

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00412-DOC-KES                                   Date: June 5, 2025
                                                                              Page 5

by 28 U.S.C. §1446(c)(1) which states, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 [diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

     Defendants do not dispute that their Removal was filed more than one year after the commencement of the action in state court. *See generally* Opp'n. Defendants however do argue that the one-year rule is procedural, and therefore is a non-jurisdictional requirement that Plaintiff waives if the motion to remand is not timely. *Id.* at 6.

     "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." 28 U.S.C § 1447(c).

     Plaintiff did not file their Motion to Remand on the basis of untimely removal until April 29, 2025, which was 56 days past the date Defendant filed its Notice of Removal. *See* Opp'n at 6-7; Mot. To Remand at 6. The Ninth Circuit has clearly articulated that the court cannot remand for defects other than a lack of subject matter jurisdiction if the motion to remand is not timely. *Smith*, 761 F.3d at 1044. Because Plaintiff failed to file their Motion before the thirty-day deadline, their motion is untimely, and therefore must be denied.

### B. Amount in Controversy

     Federal diversity jurisdiction requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a).

     Plaintiff's medical billing records shows approximately $40,367.97 in payments and approximately another $121,579.84 in outstanding medical bills. Not. Ex. J. Therefore, the minimum amount in controversy of $75,000, as required by 28 U.S.C. § 1332(a), was met.

### C. Diversity of Citizenship

     Federal diversity jurisdiction further requires that the parties be citizens of different states. 28 U.S.C. § 1332(a). Plaintiff in this case is a citizen of California. *See* Motion. Defendant is incorporated in the state of Delaware and its principal place of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00412-DOC-KES　　　　　　　　　　　　　　　　　Date: June 5, 2025
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 6

business in located in Florida. Motion, Ex. 5. Thus, there is complete diversity of the parties in this case, and this is an issue neither side has raised.

In sum, the Court retains diversity jurisdiction over this case.

## V.     Disposition

For the reasons set forth above, the Court hereby **DENIES** Plaintiffs Motion to Remand this case to the Superior Court of California, County of Orange. Parties to appear June 9, 2025 at 8:30 AM for Rule 26(f) Scheduling Conference.